## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARCUS J. BUCHANAN,                )
                                   )
                        Plaintiff, )
                                   )
vs.                                )        Case No. 16-1325-JTM-KGG
                                   )
STATE OF KANSAS,                   )
                                   )
                       Defendant.  )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint, Plaintiff Marcus Buchanan has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status but **recommends** to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

### I.      Motion to Proceed Without Prepayment of Fees.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 38 years old and married, with one dependent for whom he provides monthly monetary support. (Doc. 3-1, sealed, at 1-2.)  Plaintiff is currently employed as a driver earning a modest income.  (*Id*., sealed, at 2.)  He lists no income from other sources, such as unemployment or welfare.  (*Id.*, sealed, at 4-5.)  He owns a home, with significant equity, for which he has a reasonable monthly payment.  He also owns one modest automobile.  (*Id*., sealed, at 3-4.)  He lists typical monthly expenses, including groceries, insurance, gas, and utilities.  (*Id*., sealed, at 5.)  He also lists significant medical bills and consumer debt.  (*Id*., sealed, at 5-6.)  He indicates a small amount

of cash on hand.  (*Id.*, sealed, at 4.)  He has filed for bankruptcy.  (*Id*., sealed, at 6.)

Considering all of the information contained in the financial affidavit,

Plaintiff has modest monthly income coupled with significant financial obligations.

The Court finds that Plaintiff has established that his access to the Court would be

significantly limited absent the ability to file this action without payment of fees

and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*

directs that the cases be filed without payment of a filing fee.

## II.      Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma*

*pauperis* case "at any time if the court determines that . . . the action or appeal –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty

to review the complaint to ensure a proper balance between these competing

interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG,

2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is

"the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804

F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar

language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte*

3

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief

4

through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the

grounds upon which the court's jurisdiction depends; and (3) the relief requested.
Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint and construing the
allegations liberally, if the Court finds that he has failed to state a claim upon
which relief may be granted, the Court is compelled to recommend that the action
be dismissed.

Plaintiff brings his claims against the State of Kansas, alleging that "Kansas
violated [the] Texas constitution while being a very high tax state when Texas is a
low tax state causing financial hardship upon [Plaintiff]."  (Doc. 3, sealed.)
Although Plaintiff states he is a citizen of Texas (Doc. 1, at 3), he lists his address
as 1523 Matlock Drive in Wichita, Kansas, in at least two court filings (*id*.; Doc. 3-
1, sealed, at 1).  He also indicates that he is employed in Kansas.  (Doc. 3-1, sealed,
at 2.)  Because Plaintiff lives and works in Kansas and is suing the state of Kansas,
he cannot establish diversity jurisdiction.

Plaintiff also fails to establish federal question jurisdiction.  Plaintiff's
claims allege a "deprivation of rights under color of law for tax code misconduct,"
which he categorizes as a violation of the Texas constitution as well as federal law
pursuant to 18 U.S.C. 242.  (Doc. 1, at 3.)  The Court, however, is at a loss to see
how an individual living and working in Kansas has a viable cause of action in
federal court against the State of Kansas resulting from allegations that Kansas is

"a very high tax state when Texas is a low tax state . . . ."  (Doc. 3, sealed, at 1.)

Simply stated, the Court cannot glean a comprehensible federal cause of action upon which relief may be granted from the facts alleged in Plaintiff's Complaint.  This requires the Court to **recommend to the District Court the dismissal of Plaintiff's claims** pursuant to 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted.  The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within

the 14-day period will bar appellate review of the proposed findings of fact,

conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 29th day of August, 2016.

         S/ KENNETH G. GALE

         KENNETH G. GALE

         United States Magistrate Judge